Potter, J.
This is an appeal from a judgment at special term in an action by a judgment creditor of defendant Thomas J. McLaughlin to set aside an alleged fraudulent transfer of real estate situate in the city of New York, and known as No. 511 West Twenty-ninth street, made by him to Margaret Stoker, and by her to Susan McLaughlin, the wife of defendant' Thomas.
The defendants contend that the judgment was not properly proved and that the evidence of fraudulent intent m making the transfer was insufficient to support the finding in that respect and that the judgment should have declared that the conveyance was fraudulent and void as against the plaintiff’s judgment and as to /that should have simply declared that the transfer was ineffectual.
The judgment was recovered on or about the 23d day of July, 1885, in one of the district courts of the city of New York, for the sum of $187.37, upon a promissory note made by the defendant, Thomas McLaughlin on the 30th day of January, 1885. A transcript of such judgment was filed and the judgment docketed in the office of the clerk of the city of New York, and an execution issued thereupon by such clerk to the sheriff of said city and county, and by him returned unsatisfied, before the commencement of the action.
Upon the trial, plaintiffs offered in evidence the transcript of the judgment. The defendants objected, upon the ground that the transcript was no evidence of the judgment. It does not appear specifically for what purpose the plaintiff offered the transcript.
He had already proved the judgment by calling the defendant Thomas to prove his answer, in which the recovery of the judgment was admitted, and that the recovery was upon a note made by him for $176.31, and there was no ob *39 jection to this evidence upon behalf of any of the defendants. The transcript may have been offered and received for the purpose of showing that it was filed and docketed, and that the execution was duly issued to the sheriff, and returned by him to lay the foundation of a judgment creditor’s action. For that purpose it was proper to prove the transcript.
But if it be assumed that the judgment had not been proved, and that there was a necessity for its further proof as to all or some of the defendants, we are inclined to think the transcript from the district court, followed by the filing and docketing of the same in the county clerk’s office, would be legitimate evidence of the existence of a judgment of the court of common pleas, and of the authority to issue the execution by the clerk of that court. Sections 3017, 3022 and 3220 of Code Civ. Pro., in relation to courts, justices of the peace and justices’ courts of cities.
The case of Dickenson v. Smith, 25 Barb., 103, 106, cited by appellant’s counsel, indecisive of this question.
In that case the plaintiff sought to prove his title to lands against the defendant, the former owner of the lands, under a judgment rendered by a justice of the peace, a transcript of which was filed, the judgment docketed in the office of the clerk of the county, and a sale of the lands by the sheriff under an execution issued by the clerk upon such judgment. The court, in the opinion in that case, held that a certified copy of the transcript and docket was properly received in evidence, and that it was necessary that the transcript or other evidence, should show the proceedings before the justice to give jurisdiction to remove a valid judgment in order to authorize it to be filed and docketed; that the judgment when docketed became á judgment of the county court; that it is not necessary to show the jurisdiction of the justice in order to establish the validity of such judgment; they become judgments by virtue of the statute, etc.
This case was cited with approval in Stephens v. Sonter (51 Barb., 542).
This proof was properly received and raised a presumption of jurisdiction of the justice over the person of the defendant and the validity of the judgment. The defendant was allowed to testify that the summons was not served upon him, so far as he knew, but the person who is alleged to have made the service testified positively that he served the summons upon the defendant, and this positive testimony, together with the surrounding circumstances and the presumption above mentioned, conclusively establish the fact that the defendant was served with the summons in the action in which the judgment was rendered.
We have read the evidence in this case with some care, and are satisfied that findings of the trial court are abundantly supported by the evidence. But the appellant com *40 plains that the form of the judgment is not in accordance with the relief sought or the practice in this class of actions. The judgment provided simply that the deeds which are decided to be fraudulent and void be set aside.
This action was brought by plaintiff alone, and not in his behalf and such other creditors as might come in and join him in the action. There is no proof of any judgment against Thomas McLaughlin except the plaintiff’s. All that, the plaintiff can properly claim in this action is the removal or annulment of the transfer, so far as they obstruct the enforcement of his judgment; beyond that he has no right, or concern with these transfers. If there were numerous or several creditors who had come into this action or had brought creditors’ actions to set aside these deeds, the judgment might properly declare the deeds fraudulent and void, setting them aside and appointing a receiver, but in actions brought by a single judgment- creditor to remove the fraudulent and illegal obstructions in the way of enforcing his execution, it is sufficient that the judgment declare that the deeds are fraudulent and void as against the plaintiff’s judgment and execution, and that plaintiff’s judgment is a. lien upon the premises conveyed, and that the same bp sold to satisfy under execution the plaintiff’s judgment. Cole v. Tylor, 65 N. Y., 73; Kennedy v Barandon, 4 Hun, 642; Union Nat. Bank v. Warner, 12 id., 306.
An appeal was not necessary to correct this informality. It could have been done upon motion. The judgment should be modified by this court or the same should be sent to the-trial court for reformation.
If done by this court upon this appeal, the order should be that the judgment as modified be affirmed, with costs.
Van Brunt, P. J., and Lawrence, J., concur.